## SIMPSON v. TEXAS PUBLIC SERVICE CO.
### (No. 2473.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 22, 1921.)

Waters and water courses ⬲206 — Water company not liable for failure to supply water for fire.

A water company is not liable to an owner of private property in a city, destroyed by fire through failure to furnish water to extinguish fires, under a contract between it and the city.

Error from District Court, Upshur County; J. R. Warren, Judge.

Action by R. W. Simpson against the Texas Public Service Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Simpson, Lasseter & Simpson, of Tyler, for plaintiff in error.

J. M. Burford, of Mt. Pleasant, for defendant in error.

HODGES, J. In December, 1920, the plaintiff in error, Simpson, sued the defendant in error for damages for the loss by fire of his residence and household goods situated in the town of Gilmer, Tex. The claim is based upon the alleged negligence of the defendant in error in not furnishing a supply of water sufficient to extinguish the fire. The material portions of the petition are as follows:

"Plaintiff shows to the court that one Albert Emanuel, on or about March 1, 1913, entered into a contract whereby and whereunder he obtained certain valuable rights and franchise from the city of Gilmer, a municipal corporation, and whereby he promised and agreed, among other things, for the term of 50 years to supply all the water furnished by it for

domestic uses, fires, and other purposes, to be pumped by the said Emanuel into a standpipe, and all necessary water mains, supply, intake and distribution pipes to be furnished by said city and to furnish an adequate supply of water, to pump the same from the reservoir or other source of supply then or thereafter provided by said city, into the standpipe, or in case of fire or other emergency into the city's water mains, for a certain consideration to be paid by said city.

"That thereafter, and before the occurrence hereinafter related and complained of, the defendant took over the said contract of said Emanuel and agreed to do and perform all the contracts of said Emanuel for the consideration to be paid him and in consideration of the valuable rights and franchise it received.

"That the city of Gilmer did, for and on behalf of the property owners of Gilmer, and especially this plaintiff, furnish a standpipe and water mains which carried water near to and into the residence belonging to plaintiff situated on lots Nos. ——— in block No. ———.

"That plaintiff, in order to get water to and into his said residence, at a great expense connected by pipes with the water mains, and was a consumer of water, and paid therefor the rate charged; that, by the terms of said franchise under which defendant was acting and furnishing water to the consumer in Gilmer, it was provided it should receive $250 per month, but, if there was consumed over 60,000 gallons daily it should receive an additional compensation, and by reason of this plaintiff and others using said water the defendant received additional compensation; that, while plaintiff paid to the city of Gilmer the water rent, it was partly for the use and benefit of defendant, and such method of payment was indirectly to the defendant; that plaintiff and others took the water which the defendant furnished and paid defendant through the city of Gilmer therefor, not only for domestic convenience, but also for the protection against fire, and he and others would not have taken said water and so paid defendant therefor but for the protection against fire; that the defendant impliedly contracted, agreed, and became obligated to plaintiff in consideration of the monthly price it received for pumping water into the water main belonging to the city of Gilmer and into the pipes owned by plaintiff which conducted the water to his residence in sufficient quantities and with sufficient force to be used by plaintiff in extinguishing fires in or about his residence.

"That, although defendant was obligated to plaintiff to so furnish water, it, on March 1, 1920, negligently failed to do so, and that as the direct and proximate result thereof plaintiff's said residence was destroyed by fire; that same caught from a spark on the roof, and could have been extinguished by attaching a hose to the hydrant situated in the yard which would and could have been done, or by the hose of the fire department which was maintained by the city to extinguish fires.

"That, by reason of the water mains and the protection which was afforded in preventing fires, if defendant had furnished the supply of water which it was under duty to furnish, and relying upon the performance of such duty, plaintiff and others whose property was near the water main did not carry the amount of insurance which they would have otherwise carried, all of which was known to defendant; that plaintiff had only $3,500 insurance on his residence and $750 on his furniture and household goods; that his residence was of the reasonable value of $13,000, and his household goods and furniture $1,250, and, by reason of defendant negligently failing to furnish a supply of water, plaintiff's residence and household goods were destroyed.

"That on the occasion of the said fire there was not sufficient water or pressure in the mains to throw water 10 feet. By reason of all of which plaintiff has been damaged in the sum of $14,500, for which he sues."

To this petition the trial court sustained a general demurrer, from which ruling the plaintiff in error prosecutes this appeal.

The question here presented has been so fully and exhaustively discussed in an opinion by the Supreme Court, and later by the Court of Civil Appeals, that we deem it unnecessary to do more than refer to them. House v. Houston Waterworks Co., 88 Tex. 233, 31 S. W. 179, 28 L. R. A. 532; Greenville Waterworks Co. v. Beckham, 55 Tex. Civ. App. 87, 118 S. W. 889, and cases there cited.

The judgment is affirmed.